SEYFARTH SHAW LLP
Christian J. Rowley (SBN 187293)
crowley@seyfarth.com
Justin Stucki (SBN 357215) (Admission to Court pending)
jstucki@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
KAISER FOUNDATION HOSPITALS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brention Adams, fka Alvie Wiggins,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Kaiser Permanente, and DOES 1-100,<br><br>　　　　　　　Defendants. | Case No.<br><br>**DEFENDANT KAISER FOUNDATION HOSPITALS' NOTICE OF REMOVAL**<br><br>[*Filed Concurrently with Declaration of Christian J. Rowley in Support of Notice of Removal; Declaration of Thomas Beardsley In Support of Notice of Removal; Civil Cover Sheet; Notice of Interested Parties or Entities; and Corporate Disclosure Statement*]<br><br>[Alameda County Superior Court, Case No. 24CV094100]<br><br>Complaint Filed: September 26, 2024 |

DEFENDANT KAISER FOUNDATION HOSPITALS' NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD**.

PLEASE TAKE NOTICE that Defendant KAISER FOUNDATION HOSPITALS ("Defendant") hereby removes to this Court the above-captioned matter from the Superior Court of the State of California for the County of Alameda, to the United States District Court for the Northern District, pursuant to 28 U.S.C. §§ 1331, 1441, and 1445. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §1331, because it arises under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185.

## I.  PROCEDURAL BACKGROUND

1. On September 26, 2024, Plaintiff Brention Adams, formerly known as Alvie Wiggins, ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Alameda, entitled "*Brention Adams, fka Alvie Wiggins, Plaintiff, v. Kaiser Permanente, and DOES 1-100, Defendants.*" Case No. 24CV094100 (the "Complaint" or "Compl."). A true and correct copy of the Complaint is attached as **Exhibit A** to the concurrently filed Declaration of Christian J. Rowley in Support of Defendant's Notice of Removal ("Rowley Decl."). Rowley Decl., ¶ 2, Ex. A.

2. On February 13, 2025, Plaintiff served the Amended Summons, Amendment to Complaint, Notice of Case Management Conference, Civil Case Cover Sheet, and filed Complaint on Defendant's agent for service of process. A true and correct copy of the service packet received by Defendant is attached as **Exhibit B** to the concurrently filed Declaration of Christian Rowley. Rowley Decl. ¶ 3, Ex. B.

3. The Complaint alleges one sole Cause of Action under the Fair Employment and Housing Act ("FEHA"), Gov. Code § 12900 *et seq.* for "harassment or discrimination" on the basis of "ancestry, national origin, and race" *See* Compl. ¶ 15.

4. Defendant has not filed or received any other pleadings or papers in this action, other than the pleadings included as Exhibits A through B. Rowley Decl. ¶ 4.

///
///
///

## II. REMOVAL IS TIMELY

5. The time for filing a Notice of Removal does not run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint").

6. The service of process which triggers the 30-day period to remove is governed by state law. *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law.") Kaiser's 30-day time limit to remove is triggered by Plaintiff's service of Summons and the Complaint on February 13, 2025. *See Murphy Bros, Inc.*, 526 U.S. at 347-48 (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint.") Thirty days from the service of the Summons and Complaint on February 13, 2025 is March 15, a Saturday. Under F. R. Civ. P. 6(a)(1)(C), the deadline for removal becomes the following Monday, March 17.

7. This Notice of Removal is timely because it is filed within thirty (30) days of service of the Complaint by personal service on Defendant on February 13, 2025. See 28 U.S.C. § 1446(b); Cal. Civ. Proc. Code § 415.10 ("A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed to complete at the time of such delivery.").

## III. FEDERAL QUESTION JURISDICTION BASED ON THE LABOR MANAGEMENT RELATIONS ACT

8. Removal is proper where the federal courts have original jurisdiction over an action brought in state court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place

2

1  where such action is pending."). This action may be removed to this Court by Defendants under 28

2  U.S.C. section 1441(b) because it arises under the LMRA, Section 301, codified at 29 U.S.C. Section

3  185 *et seq.*

4      9.    Section 301 of the LMRA provides federal jurisdiction over "suits for violation of

5  contracts between an employer and a labor organization." 29 U.S.C. § 185(a). A collective bargaining

6  agreement ("CBA") is such a contract, and Section 301 preempts all state-law claims "founded directly

7  on rights created by collective-bargaining agreements." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394

8  (1987). "The preemptive force of section 301 is so powerful as to displace entirely any state claim [1]

9  based on a collective bargaining agreement, and [2] any state claim whose outcome depends on analysis

10 of the terms of the agreement." *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir.

11 1987) (citations omitted). Where a right asserted is rooted in a CBA, the claim must be either treated as

12 a Section 301 claim or dismissed as preempted by federal law. *See Allis-Chalmers Corps. v. Lueck*, 471

13 U.S. 202, 220 (1985); *Audette v. Int'l Longshoremen's and Warehousemen's Union*, 195 F.3d 1107,

14 1112 (9th Cir. 1999) (state law claims seeking to enforce the terms of a CBA are preempted).

15     10.    The Ninth Circuit has established that the LMRA preempts claims asserted under state

16 law in two independent ways. First, if the claim involves a right that exists because of the CBA rather

17 than state law, the "claim is preempted and [the court's] analysis ends there." *Burnside v. Kiewit Pac.*

18 *Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007); *see also Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152

19 (9th Cir. 2019); *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016).

20 Second, if the claim requires the Court to interpret the CBA or is "substantially dependent on analysis of

21 a collective-bargaining agreement," the claim is preempted, even if it is ostensibly based on state law.

22 *See Burnside*, 491 F.3d at 1059; *Curtis*, 913 F.3d at 1152. Additionally, *Audette* holds that Section 301

23 preemption applies where interpretation of the CBA is required to evaluate only the employee's defenses

24 to a state law cause of action. *See Audette*, 195 F.3d at 1113.

25     11.    The sole claim in this case is preempted by the LMRA for the following reasons: (1)

26 Plaintiff's employment is governed by a CBA; (2) his cause of action is premised on a right that arises

27 under the CBA; (3) adjudication of Plaintiff's FEHA claim requires interpretation of the CBA; and (4)

28 Kaiser's defenses also require interpretation of the CBA.

**A.     Plaintiff's Employment Is Governed By a Collective Bargaining Agreement**

12.    As a preliminary matter, Plaintiff alleges in his complaint that he bid on a promotion to an "Equipment Tech Position." Compl. ¶ 8.  This position, as well as his current position, Housekeeping Aide, are and have been governed at all relevant times by the CBA between Defendant and the Service Employees International Union-United Healthcare Workers West ("SEIU-UHW" or "the union").  Declaration of Thomas Beardsley ("Beardsley Decl.") ¶¶ 3-5.

**B.     Plaintiff's Claim Is Preempted Clearly Alleges Breach of a Right Arising Out of a Collective Bargaining Agreement on the Face of the Complaint**

13.     The lone cause of action in the Complaint is preempted by Section 301 because it is squarely premised on Defendant's alleged failure to comply with the CBA and thus, "involves a right that exists because of the CBA." *See Burnside*, 491 F.3d 1059.  To prove an employment discrimination claim under both Federal and California law, a Plaintiff must plead an "adverse employment action." *See Guz v. Bechtel Nat'l Inc.*, 24 Cal.4th 317, 355.  Assuming, *arguendo*, that Plaintiff adequately pled any adverse employment action, he also plainly alleges breach of the CBA.  The complaint specifically states that Plaintiff was "Number One on the Bid List for a promotion . . . . however, Kaiser gave the position to another employee with less seniority." Compl. ¶¶ 8-9.  And, "in doing so, *Kaiser violated the applicable rules of the controlling union contract*." *Id.* ¶ 9 (emphasis added).  Plaintiff also alleges that he filed a union grievance and that the Union did not follow through, leading to the Instant Action. *See* Compl. ¶¶ 10-11.  Indeed, the only evidence of racial discrimination pled in the complaint is the alleged *breach of the Union contract*.  The harm that Plaintiff alleges he experienced is the purported denial of a right provided by the CBA, the right to a promotion. *See* Compl. ¶ 9.

14.    Thus, Plaintiff's entire action is premised on the purported right to a promotion under this contract. *See e.g., Thibodeaux v. Bay Area Bldg. Material Teamsters, Local 853*, No. 17-cv-00188-MEJ, 2017 WL 1493280, at *6 (N.D. Cal. Apr. 26, 2017) (holding that Plaintiff's claims were preempted by Section 301 of the LMRA where Plaintiff alleged breach of the CBA's terms on the face of the complaint).  Without the CBA, there is no adverse employment action.  Additionally, the fact that Plaintiff alleges that he already grieved this position is further evidence that his claim is premised on a right that arose under the CBA.  Compl. ¶ 10.

4

15. Plaintiff's claim is premised on a right arising out of the union contract. Thus, Section 301 of the LMRA preempts the state law claim and removal is proper because such preemption confers Federal Question jurisdiction.

### C. Plaintiff's Cause of Action Is Preempted Because the CBA Must Be Interpreted to Adjudicate Liability.

16. In addition to the fact that Plaintiff's claim for racial discrimination is "premised on a cause of action that arises out of the CBA," it is also preempted because it is "substantially dependent" on the terms of the CBA in accordance with *Young* 830 F.2d at 997. As such, the claim is preempted by the LMRA. *See Burnside*, 491 F.3d at 1059. "To determine whether a state law right is 'substantially dependent' on the terms of a CBA, the Court directs us to decide whether the claim can be resolved by 'look[ing] to' versus interpreting the CBA." *Id.* (citing *Livadas v. Bradshaw*, 512 U.S. 107, 125 (1994)). Here, Plaintiff specifically alleges that "he should have received" the promotion because he was "Number One" on the bid list. Compl. ¶ 8. He further claims Kaiser's decision to give it to someone with less seniority at a different branch, violated the CBA. Compl. ¶ 9. This purported violation of the CBA is literally the *only* "factual" basis for his claim of discrimination in the entire complaint. For reasons to be discussed below, adjudicating whether Plaintiff was improperly denied a promotion requires substantially more than "looking to" the CBA. *See Burnside* 491 F.3d at 1059. The CBA contains numerous terms and conditions that directly impacted and controlled Plaintiff's employment with Defendant. Plaintiff's complaint implicates many of these terms and conditions.

17. To start, the CBA states that, to be even eligible to submit a bid for a specific position, the employee must have "completed his/her probationary period and has not received formal written discipline in the six (6) months prior to the job posting date." Beardsley Decl. ¶ 6, Ex. A at Article XVI Section 2, ¶ 596. As a threshold, Plaintiff must meet these baseline requirements for a promotion. What constitutes "formal written discipline" and how the "probationary period" is defined are issues that will require the Court to interpret the "discipline" and "probation" provisions in the contract to determine if Plaintiff even met the threshold requirements.

18. Moreover, Article XVI Section 2, paragraph 604 states discusses how vacancies are to be filled: "If two (2) or more qualified applicants submit a bid for a vacancy within the seven (7) day

posting period, the position will be awarded by seniority in the following order of application, paragraph 606 - 610." *See* Beardsley Decl. ¶ 6, Ex A.  Consequently, the Court must interpret what is meant by a "qualified applicant," "seniority," and how "the order of application" influences promotion decisions. While Article XVI Section 1 of the CBA does define seniority, Article XVI Section 2, Paragraph 604, as stated above, states that promotion decisions are determined "by seniority in the following order of application, paragraph 606-610."  The order of application includes sixteen (16) different categories. Beardsley Decl. ¶ 6, Ex A at Article XVI ¶ 607.  Thus, whether Plaintiff was actually entitled to such promotion depends upon his seniority as well as categorization into one of the categories. *See id.*  How Plaintiff or the employee allegedly promoted over him fits into one of these categories depends upon how each category is defined, further necessitating interpretation of the agreement.  In short, the fact finder will have to interpret numerous different provisions in the contract, including what is meant by "seniority", whether the position Plaintiff applied for was a promotion, who is a "qualified applicant" and who is not, and what is meant by the order of application in this context. *Bachilla v. Pacific Bell Tel. Co.*, No. S-07-739 RRB KJM, 2007 WL 2765689 (E.D. Cal. Sept. 18, 2007) (holding that Plaintiff's state law breach of contract claims based on the denial of promotions in favor of male co-workers with less seniority were preempted because such claim requires interpretation of the CBA).

19.    Additionally, Article III of the CBA gives Kaiser "the right to manage its facilities and to direct the working forces . . . . includ[ing] the right to hire, transfer, promote, demote, layoff, discipline and discharge employees, subject to the terms of this Agreement and the grievance procedure." Beardsley Decl. ¶ 6, Ex. A.  Whether, and to what extent, this clause allows Defendant to decide who is qualified, who is promoted or transferred, or whether it can consider factors outside the express terms of the contract requires also requires interpretation. *See In re Amoco Petroleum Additives Co.*, 964 F.2d 706, 709 (7th Cir. 1992) ("A state court could not award damages without first construing the collective bargaining agreement and rejecting Amoco's interpretation of the management-rights clause."); *see also Bachilla supra*.

20.    As a final example, Article XVI Section 2, paragraph 605 contains an exception to the as to how "lead positions" are filled. Beardsley Decl. ¶ 6, Ex A.  It states, "as an exception to the provisions for selection of Employees . . . . the Employer shall have discretion in filling a Lead position

6

by selecting from among the three (3) most senior qualified applicants within the department . . . . " Again, whether the position Plaintiff applied for is a "lead position" under the contract as well as how "department" is defined all necessitate interpreting the contract.

21. In summary the state law claim—which is premised entirely on the alleged breach of the CBA in a promotion decision—will necessarily require extensive interpretation of numerous terms and provisions the union contract, and thus is preempted by Section 301 of the LMRA. For the foregoing reasons, removal is proper.

### D. Defendant's Defenses Will Also Necessarily Require an Interpretation of the CBA.

22. Section 301 preemption applies even where an interpretation of the CBA is required to evaluate only the employer's defenses to a state law cause of action. *See Audette*, 195 F.3d at 1113 (civil rights claim preempted where interpretation of agreement was required in evaluating employer's *defense* that it had a legitimate non-business reason for its actions).

23. Here, any defenses Defendant pleads will necessarily require an interpretation of the CBA. In order for Defendant to defend the allegation that it racially discriminated against Plaintiff for failing to promote him under the terms of the union contract, it will have to point to the portions of that contract that specifies the conditions of being awarded such promotion. For example, Defendant could argue that it properly gave the promotion to employee with "less seniority" in order to comply with the terms of the CBA. Evaluating whether this employee was properly promoted requires examining all of the relevant CBA provisions together to see what standard applied, who was a qualified applicant, did one or more applicants (including plaintiff) have formal discipline, and who actually had priority under the contract's terms. Additionally, denying promotion to someone for legitimate business-related, nondiscriminatory reasons is a defense to employment discrimination. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973). Compliance with the CBA would be such a nondiscriminatory reason.

24. To the extent that assertion of "management rights" is a defense, Kaiser could also argue that it had "management rights" to deny Plaintiff the promotion for reasons other nondiscriminatory reasons. As stated above, Article III of the CBA contains a "management rights" clause. Beardsley Decl. ¶ 6, Ex A. Whether Kaiser exercised its management rights in compliance with the other terms of the union contract necessarily requires the contract's interpretation of the interplay between the transfer,

promotion, seniority and management rights clauses. *See In re Amoco*, 964 F.2d at 709.

25.  In short, Section 301 also preempts Plaintiff's state law claims and removal is proper because many of Defendant's defenses, as stated above, will necessarily require interpretation of the CBA.

### IV.  VENUE LIES IN THE COURT

26.  The County of Alameda lies within the jurisdiction of the United States District Court, Northern District of California.

27.  Therefore, without waiving the Defendant's right to challenge, among other things, personal jurisdiction and/or venue by way of a motion or otherwise, venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1441(a), and 1446(a).  This Court is the United States District Court for the district within which the State Court Action is pending.  Thus, venue lies in this Court pursuant to 28 U.S.C. § 1441(a).

### V.  NOTICE OF REMOVAL

28.  Pursuant to 28 U.S.C. §1446(d), Defendant will promptly give written notice of the filing of this Notice of Removal to Plaintiff, and file the written notice and a copy of the Notice of Removal with the Clerk of the Superior Court of the State of California, County of Alameda, in the State Court Action.

29.  This Notice of Removal will be served on counsel for Plaintiff.  A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

30.  In compliance with 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as **Exhibits A through B** to this Notice of Removal.

### VI.  PRAYER FOR REMOVAL

WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

///

DATED: March 14, 2025

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ Christian J. Rowley
    Christian J. Rowley
    Justin Stucki (Admission to Court Pending)
    Attorneys for Defendant
    KAISER FOUNDATION HOSPITALS