UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

BRENTION ADAMS,

        Plaintiff,

    v.

KAISER FOUNDATION HOSPITALS,

        Defendant.

Case No. 25-cv-02575-LB

**ORDER GRANTING MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

Re: ECF No. 48

**INTRODUCTION**

In this employment-discrimination case, plaintiff Brention Adams claims that his employer, defendant Kaiser Foundation Hospitals, discriminated against him when it denied him a promotion, in violation of California's Fair Employment and Housing Act (FEHA) and the rules of the applicable collective bargaining agreement (CBA).[1] The court previously dismissed the case three times, holding that the FEHA claim was preempted by § 301 of the Labor Management Relations Act (LMRA) because it required interpretation of the CBA and giving leave to amend to plead a converted § 301 claim.[2] Most recently, the court dismissed the second amended complaint (SAC)

---

[1] Third Am. Compl. (TAC) – ECF No. 45. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Orders – ECF Nos. 21, 33, 44.

ORDER – No. 25-cv-02575-LB

because it did not plausibly allege the union's breach of its duty of fair representation or discriminatory motive.[3] The plaintiff filed a third amended complaint (TAC), and Kaiser moved to dismiss it on the ground that it does not plausibly plead a claim.[4] The court grants the motion because the TAC does not plausibly allege the union's breach of its duty of fair representation or discriminatory motive.

## STATEMENT

The previous dismissal orders summarized the allegations surrounding the promotion decision at issue.[5] In short, the plaintiff is an African American gay man and longtime employee of Kaiser. He applied for a promotion he believes he was entitled to under the seniority rules of the CBA, but the position was awarded to a lesser-qualified white man. The plaintiff filed a grievance that was referred to arbitration. The grievance centered on the "Experience Waiver" rule, which allows senior applicants to receive training if they lack specified experience. The plaintiff claims that the rule was misapplied and that he was entitled in any event to the position because he had the relevant experience. While the arbitration was pending, the union and Kaiser adopted a new agreement narrowing the Experience Waiver's scope. They then withdrew from the arbitration, citing that agreement.[6]

The court held that the FEHA claim was preempted under *Burnside* step two and that the issue was whether the claim could proceed as a § 301 claim. The main disputes were whether the union breached its duty of fair representation and whether the plaintiff alleged circumstances giving rise to an inference of discrimination under FEHA. The court gave leave to amend to allege facts that the union's abandonment of arbitration was arbitrary, discriminatory, or in bad faith and, for the FEHA claim, facts raising an inference of discriminatory motive.[7] The TAC adds the following allegations.

---

[3] Order – ECF No. 44 at 6–9.

[4] TAC – ECF No. 45; Mot. – ECF No. 48.

[5] Order – ECF No. 44 at 2–4. This order incorporates the earlier order's summary and legal analysis.

[6] *Id.*

[7] *Id.* at 7–9.

The plaintiff has filed 892 applications that Kaiser either ignored or gave him interviews that were "abruptly cut short."[8] Kaiser has denied 74% of applications by minorities for other positions and roles (including 65% of applications by African Americans).[9] Taleo, a third-party company involved in Kaiser's hiring process, ignores applicants' merits when reviewing applications and selects "the person whom the relevant Kaiser manager tells them to pick."[10] During his time in the housekeeping department, the plaintiff has received comments related to his sexual orientation, including being called "sassy" or "sweet cakes," being told "come here sweetie," and asked, "Are you giving me sass?"[11] Finally, the plaintiff named three additional individuals whose applications Kaiser recently denied and added that Kaiser previously settled a racial-discrimination class-action suit for eleven million dollars.[12]

The TAC reasserts the FEHA claim, and Kaiser moved to dismiss it.[13] All parties consented to magistrate-judge jurisdiction.[14] 28 U.S.C. § 636(c). The court held a hearing on January 29, 2026.

## ANALYSIS

The two issues are whether the plaintiff cured the previously identified deficiencies: whether he alleged that the union's abandonment of arbitration was arbitrary, discriminatory, or in bad faith, which is necessary for a converted § 301 claim, and whether he alleged circumstances giving rise to an inference of discrimination, the fourth element for a FEHA claim.[15] He did not.

---

[8] TAC – ECF No. 45 at 6 (¶ 13(b)).

[9] Id. (¶ 13(c)).

[10] Id. (¶ 13(d)).

[11] Id. at 7–8 (¶ 13(g)).

[12] Id. at 7 (¶¶ 13(e)(5)–(7)), 11 n.8.

[13] Mot. – ECF No. 48.

[14] Consents – ECF Nos. 10, 13.

[15] Order – ECF No. 44 at 6–9.

ORDER – No. 25-cv-02575-LB                    3

First, the TAC does not allege any additional new facts relating to the union's conduct, so it suffers the same deficiency as the SAC: no allegations plead a breach of the union's duty of fair representation, as explained in the court's earlier order.[16]

A union breaches the duty of fair representation with conduct that is "arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). If the conduct involves judgment — such as whether to settle or drop a grievance — the plaintiff must show bad faith or discrimination, not negligence. *Beck v. United Food & Com. Workers Union, Loc. 99*, 506 F.3d 874, 880 (9th Cir. 2007).

The union's acceptance and application of a new CBA interpretation was a judgment about contract scope. No allegations support bad faith or discrimination. Instead, the allegations support only the conclusion that the union made a decision based on a discretionary policy judgment. Courts defer to unions' discretionary choices about how to allocate resources and grievances to pursue. *Peterson v. Kennedy*, 771 F.2d 1244, 1254 (9th Cir. 1985).

Second, the TAC does not allege sufficient facts raising a reasonable inference of discrimination, the fourth element of a FEHA claim.[17] There are (1) no allegations connecting the dismissive treatment the plaintiff suffered during the hiring process or Taleo's hiring decisions to his race or sexual orientation, (2) insufficient details about potential comparators (e.g., "Sharie Goree - denied a position as a patient care technician"[18]), and (3) no allegations connecting the inappropriate comments relating to his sexual orientation to the hiring decision at issue. *Cf. Ahmed v. Wormuth*, No. 22-cv-04365-TSH, 2023 WL 4205765, at *1–2, 9–10 (N.D. Cal. June 26, 2023) (plaintiff alleged that he was African and that two similarly situated or less-experienced Caucasian secular males were hired instead of him, which was sufficient for claims of race discrimination for two incidents for failure to promote and related job transfers; other allegations of failure to promote did not allow a plausible inference of race discrimination because there were no

---

[16] *Id.* at 6–7.

[17] *Id.* at 8–9 (full legal standard).

[18] TAC – ECF No. 45 at 7 (¶ 13(e)(5)).

United States District Court
Northern District of California

allegations where discriminatory motive could be inferred) (contrasting *Williams v. Wolf*, No. 19-CV-00652-JCS, 2020 WL 1245369, at *10 (N.D. Cal. Mar. 16, 2020), where the plaintiff, while not alleging similarly situated individuals, identified incidents where racially motivated conduct could be inferred, such as the plaintiff was criticized or disciplined a number of times where non-African-American employees were not); *Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 358 (2000) (adverse employment actions must be motivated by discriminatory animus); *Frazier v. City of Fresno*, No. 1:20-cv-01069-ADA-SAB, 2023 WL 4108322, at *12 (E.D. Cal. June 21, 2023) (in case involving claims of discriminatory denial of contract rights, collecting Title VII cases establishing that plaintiffs must allege facts supporting an inference of discrimination to support a comparator theory at the pleadings stage); *Merrick v. Farmers Ins. Grp.*, 892 F.2d 1434, 1438 (9th Cir. 1990) ("Stray remarks are insufficient to establish discrimination.") (cleaned up).

## CONCLUSION

The TAC fails to plead a converted § 301 claim or an independent FEHA claim. Because this is the third time the plaintiff has failed to cure the deficiencies in his complaint, his claims are dismissed with prejudice.

This disposes of ECF No. 48.

**IT IS SO ORDERED.**

Dated: January 29, 2026

_____

LAUREL BEELER
United States Magistrate Judge